FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 17 2022

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

Vanessa R. Waldref
United States Attorney
Eastern District of Washington
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 835-6347

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-CR-00013-TOR-1 |
| Plaintiff, | Plea Agreement |
| v. | Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) |
| FAINYAN KAIN JAMES KIMMERLY, | |
| Defendant. | |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and David M. Herzog, Assistant United States Attorney for the Eastern District of Washington, and Defendant FAINYAN KAIN JAMES KIMMERLY ("Defendant"), both individually and by and through Deputy Federal Defender Colin Prince, hereby agree to the following Plea Agreement.

    1.    <u>Guilty Plea and Maximum Statutory Penalties For Criminal Charges</u>

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"), Defendant agrees to enter a plea of guilty to an Information Superseding Indictment charging Defendant with one count of Online Enticement, in violation of 18 U.S.C. § 2422(b), a Class A felony.

Plea Agreement - 1

Defendant understands that Online Enticement, in violation of 18 U.S.C. § 2422(b), carries the following potential penalties: a term of imprisonment of no less than 10 years and up to a lifetime; a term of supervised release of not less than 5 years and up to a lifetime; a fine of up to $250,000; restitution; mandatory registration as a sex offender; a $100 special penalty assessment; and, absent a judicial finding of indigence, an additional mandatory special assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act ("JVTA") of 2015.

Defendant also understands and agrees that because he enticed a minor to engage in conduct that involved the production of child pornography, the Court shall also impose an additional special assessment of up to than $50,000 on Defendant, pursuant to 18 U.S.C. §§ 2259, 2259A.

Defendant also understands and agrees that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3), without credit for time previously served on post-release supervision. Defendant also understands that he will be required to pay restitution and register as a sex offender.

2.    The Court is Not a Party to the Agreement

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant understands that sentencing is a matter solely within the discretion of the Court; that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate, up to the statutory maximums stated in this Plea Agreement.

3.    Rule 11 Nature of the Plea Agreement

Defendant acknowledges that this Plea Agreement is entered pursuant to Rule 11(c)(1)(C).

1    Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree that the
2    appropriate disposition of the case is 144 months (12 years) in custody, to be followed
3    by a lifetime of Supervised Release.  The United States and Defendant agree to make
4    those sentencing recommendations to the Court.  Although the United States and
5    Defendant agree to make these recommendations to the Court pursuant to Rule
6    11(c)(1)(C), Defendant acknowledges that no promises of any type have been made to
7    him with respect to the sentence the Court will ultimately impose.

8    Defendant understands that the Court is required to consider the applicable
9    Guidelines sentencing range, but may vary upward or downward from that sentencing
10   range.

11   Defendant understands that he may withdraw from this Plea Agreement if the
12   Court imposes a term of imprisonment of greater than 144 months.  Defendant also
13   understands that the United States may withdraw from this Plea Agreement if the
14   Court imposes a term of imprisonment of less than 144 months or a term of supervised
15   release of less than Defendant's lifetime.

16   Defendant and the United States acknowledge that the imposition of any fine,
17   restitution, or conditions of supervised release are not part of the Rule 11(c)(1)(C)
18   nature of this Plea Agreement; that parties are free to make any recommendation they
19   deem appropriate as to the imposition of a fine, restitution, or conditions of supervised
20   release; and that the Court will exercise its discretion in this regard.  Defendant and
21   the United States acknowledge that the Court's decisions regarding the imposition of a
22   fine, restitution, or conditions of supervised release will not provide a basis to
23   withdraw his guilty plea or withdraw from this Rule 11(c)(1)(C) Plea Agreement.

24   Defendant understands that this Plea Agreement does not limit any law
25   enforcement agency or prosecuting authority from investigating and/or charging
26   Defendant with any new criminal conduct or violations of Supervised Release that
27   arise during or after his incarceration on these charges.

28

Plea Agreement - 3

Defendant acknowledges that if either he or the United States successfully withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and neither he nor the United States are bound by any representations within it.

4.     Effect on Immigration Status

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes may be removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that while deportation and/or removal appears to be a virtual certainty if he is not a citizen of the United States, no one, including his attorney or the District Court, can predict with absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty if he is not a United States citizen.

5.     Waiver of Constitutional Rights

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

a.     The right to a jury trial;

b.     The right to see, hear and question the witnesses;

c.     The right to remain silent at trial;

d.     The right to testify at trial; and

e.     The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney.

Plea Agreement - 4

Defendant expressly waives his right to bring pretrial motions and acknowledges that any defense motions currently pending before the Court are mooted by this Plea Agreement.

6.    Elements of the Offense

The United States and Defendant agree that in order to convict Defendant of Online Enticement, in violation of 18 U.S.C. § 2422(b), as charged in the Information Superseding Indictment, the United States would have to prove beyond a reasonable doubt the following:

    a.    *First*, between on or about June 30, 2019, and on or about July 2, 2019, within the Eastern District of Washington, Defendant used a facility or means of interstate commerce, namely, the Internet, to persuade, induce, entice, or coerce an individual who had not attained the age of 18 years, to engage in sexual activity;

    b.    *Second*, Defendant could have been charged with a criminal offense for that sexual activity, namely, Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e); and

    c.    *Third*, Defendant acted knowingly.

7.    Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Guidelines computation or sentencing, unless otherwise prohibited in this Agreement.

Beginning on June 30, 2019, and continuing through July 2, 2019, within the Eastern District of Washington, Defendant knowingly used the social media platform Facebook, and the Internet, to entice a person who had not attained the age of 18 years

1  to engage in sexual activity for which Defendant could have been charged with a
2  criminal offense; namely, Production of Child Pornography, in violation of 18 U.S.C.
3  § 2251(a), (e).  Defendant acknowledges that the Internet is a means and facility of
4  interstate and foreign commerce, and that he used the Internet to engage in his
5  communications with the minor in this case.

6      In Facebook messenger exchanges with a minor who was 13 years old at the
7  time, Defendant explicitly requested that the minor take sexually explicit images of
8  the minor's own body, and send those images to Defendant using Facebook
9  messenger.  Defendant acknowledges that the images that he instructed the minor to
10 take and send him depict the lewd and lascivious depiction of the minor's genitals,
11 and thus constitute child pornography under federal law.  Accordingly, Defendant
12 acknowledges that he used the Internet to entice the minor to record and produce
13 images of child pornography.  Defendant acknowledges that for this underlying
14 conduct, he could have been charged with a criminal offense, namely, Production of
15 Child Pornography, in violation of 18 U.S.C. § 2251(a), (e).  Defendant acknowledges
16 that he knowingly used the Internet to request that the minor obtain and send him
17 images of child pornography, and that he did so knowing that the minor had not
18 attained the age of 18 years.

19 Defendant acknowledges that he specifically requested that the minor touch the
20 minor's own genitals and send him images of that conduct via the Internet and
21 Facebook messenger, which the minor did.  Defendant acknowledges that this conduct
22 constituted "sexual contact" for purposes of the United States Sentencing Guidelines.

23 Defendant acknowledges that the minor was between the ages of 12 and 16
24 when he communicated with the minor, that the cellular telephone he used to make the
25 requests and receive the images is a "computer" for purposes of the United States
26 Sentencing Guidelines, and that when he asked the minor to send him images, he was
27 knowingly requesting that the minor distribute images of child pornography to him.
28

Plea Agreement - 6

1    Defendant acknowledges that in 2010, he sustained a juvenile conviction in

2    Spokane county for Child Molestation in the First Degree, and that at all times

3    relevant to the Information Superseding Indictment, he was required to register as a

4    sex offender under Washington law.

5        8.    Agreement Not to Bring Other Charges

6        The United States and Defendant agree that the Information Superseding

7    Indictment supersedes and replaces the Indictment filed on February 4, 2020, which

8    charges Defendant with Production of Child Pornography, in violation of 18 U.S.C.

9    § 2251(a), (e), and that the United States and Defendant are proceeding on the

10   Information Superseding Indictment for purposes of resolving this case.

11       Accordingly, the United States Attorney's Office for the Eastern District of

12   Washington agrees that so long as Defendant pleads guilty to the Online Enticement

13   charge in the Information Superseding Indictment on or before February 17, 2021, the

14   United States Attorney's Office for the Eastern District of Washington will not

15   proceed on a substantive Production of Child Pornography charge, or any other

16   federal charge, against Defendant that is based on information in the possession,

17   custody, and control of the United States Attorney's Office for the Eastern District of

18   Washington on February 17, 2022.

19       If Defendant breaches this Plea Agreement or does not plead guilty to the

20   Information Superseding Indictment on February 17, 2022, the United States may

21   seek to withdraw the Information Superseding Indictment and proceed on the

22   underlying Indictment, file or renew charges against Defendant, or take any other

23   action to prosecute Defendant for Production of Child Pornography and/or any other

24   conduct in violation of federal law.  Defendant understands that the United States may

25   prosecute Defendant for any other past unlawful conduct or any unlawful conduct that

26   occurs after February 17, 2022, so long as the conduct was not known to the United

27   States Attorney's Office for the Eastern District of Washington on February 17, 2022.

28

Plea Agreement - 7

9.    <u>United States Sentencing Guideline Calculations</u>

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. Defendant and the United States agree to the following Guidelines calculations.

     a.    <u>Calculations Under Chapters 2 and 3</u>

The United States and Defendant agree that, absent the application of the cross-reference set forth at U.S.S.G. § 2G1.3(c)(1), the following calculations apply to Online Enticement, in violation of 18 U.S.C. § 2422(b):

| Base Offense Level and Adjustments | | Guideline Section |
|---|---|---|
| Online Enticement | 28 | U.S.S.G. § 2G1.3(a)(3) |
| Use of a Computer to Solicit Participation | +2 | U.S.S.G. § 2G2.1(b)(3) |
| Sexual Contact | +2 | U.S.S.G. § 2G2.1(b)(4)(A) |
| Total | 32 | |

However, the United States and Defendant agree that the cross-reference set forth at U.S.S.G. § 2G1.3(c)(1) applies in this case, because Defendant's conduct included specifically requesting that the minor take and send him images containing the lewd and lascivious depiction of the minor's genitals. The United States and Defendant agree that this conduct involved causing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. Accordingly, the United States and Defendant agree that because the Guidelines calculations are higher under U.S.S.G. § 2G2.1 than under U.S.S.G. § 2G1.3, the following calculations apply to the Guidelines calculations under Chapters 2 and 3:

| Base Offense Level and Adjustments | | Guideline Section |
|---|---|---|
| Production of Child Pornography | 32 | U.S.S.G. § 2G2.1(a)(1) |
| Victim Between Ages of 12-16 | +2 | U.S.S.G. § 2G2.1(b)(1)(B) |
| Sexual Contact (minor touching own genitals) | +2 | U.S.S.G. § 2G2.1(b)(2)(A) |
| Distribution (from minor to Defendant) | +2 | U.S.S.G. § 2G2.1(b)(3) |
| Use of a Computer | +2 | U.S.S.G. § 2G2.1(b)(6)(B)(i), (ii) |
| Total | 40 | |

1

    b.    Repeat and Dangerous Sex Offender Under Chapter 4

2         The United States and Defendant also agree that under Chapter 4 of the United

3    States Sentencing Guidelines, Defendant is a Repeat and Dangerous Sex Offender.

4         The United States and Defendant agree that Defendant's instant offense is a

5    "covered sex crime" under U.S.S.G. § 4B1.5(b)(1) because it is an "offense,

6    perpetrated against a minor" under 18 U.S.C. § 2422(b), which falls under Chapter

7    117 of the United States Code, and it is not a crime of transmitting information about

8    a minor or filing a factual statement about an alien individual.  U.S.S.G. § 4B1.5, App.

9    Note 2.

10        The United States and Defendant agree that Defendant committed the instant

11   offense of conviction subsequent to sustaining at least one "sex offense conviction,"

12   namely, Defendant's 2010 conviction in Spokane county for Child Molestation in the

13   First Degree.  The United States and Defendant agree that Defendant's child

14   molestation conduct is an offense described in 18 U.S.C. § 2426(b)(1)(A) that was

15   perpetrated against a minor, but was not a child pornography offense.

16        Accordingly, pursuant to U.S.S.G. § 4B1.5(a)(1), the United States and

17   Defendant agree that Defendant's offense level is the greater of the offense level

18   determined under Chapters 2 and 3 or the offense level determined by the table in

19   U.S.S.G. § 4B1.5(1)(B).  The United States and Defendant agree that because the

20   statutory maximum for the offense of Online Enticement in violation of 18 U.S.C.

21   § 2422(b) is life imprisonment, Defendant's offense level determined by the table in

22   U.S.S.G. § 4B1.5(1)(B) is offense level 37.  The United States and Defendant agree

23   that Defendant's offense level under Chapters 2 and 3 is 40.  Accordingly, the United

24   States and Defendant agree that his offense level is 40.

25        Pursuant to U.S.S.G. § 4B1.5(a)(2), the United States and Defendant agree that

26   Defendant's criminal history category shall be the criminal history category

27   determined under Chapter 4 or Criminal History Category V, whichever is greater.

28

Plea Agreement - 9

1

####          c.      Recommendations to the Court

2      The United States and Defendant agree not to dispute or challenge any of the

3  Guidelines analyses or calculations set forth herein.  Regardless of any calculations

4  made by the United States Probation Office or Court, the United States and Defendant

5  agree to: (a) make Guidelines and sentencing recommendations and arguments

6  consistent with this Plea Agreement; and (b) recommend that the Court impose a final

7  sentence of 12 years (144 months), followed by a lifetime of supervised release.

8          d.      No Other Agreements

9      The United States and Defendant have no other agreements regarding the

10  Guidelines or the application of any Guidelines enhancements, departures, or

11  variances.  Defendant understands and acknowledges that so long as the United States

12  recommends a total sentence of incarceration of 12 years (144 months), the United

13  States is free to make any sentencing arguments it sees fit, including arguments arising

14  from Defendant's uncharged conduct, conduct set forth in charges that will be

15  dismissed pursuant to this Agreement, and Defendant's relevant conduct.

16          e.      Acceptance of Responsibility

17      The United States will recommend that Defendant receive a three-level

18  downward adjustment for acceptance of responsibility, pursuant to U.S.S.G.

19  § 3E1.1(a), (b), if Defendant: accepts this Plea Agreement and enters a guilty plea on

20  February 17, 2022; demonstrates a recognition and an affirmative acceptance of

21  personal responsibility for his criminal conduct; provides complete and accurate

22  information during the sentencing process; and does not commit any obstructive

23  conduct.  Defendant and the United States agree that the United States may at its

24  option and upon written notice to Defendant, not recommend a downward reduction

25  for acceptance of responsibility if, prior to the imposition of sentence, Defendant is

26  charged with, or convicted of, any criminal offense, or if Defendant tests positive for

27  any controlled substance.

28

Plea Agreement - 10

f.    Criminal History

The United States and Defendant have no agreement and make no representations as to Defendant's criminal history category, which will be determined by the Court after the Presentence Investigative Report is completed.

10.    Incarceration

Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree that a fair and just term of incarceration for Defendant is 12 years (144 months), to be followed by a lifetime term of supervised release.  The United States and Defendant each agree to recommend this sentence to the Court.

If the Court does not accept Defendant's guilty plea or Plea Agreement, or sentences Defendant to a term of imprisonment greater or lesser than 12 years (144 months) or a term of Supervised Release that is less than the remainder of Defendant's lifetime, Defendant and/or the United States may withdraw from this Plea Agreement and the Agreement will be null and void.

11.    Supervised Release

The United States and Defendant agree to recommend a lifetime term of supervised release.  The United States and Defendant have no agreement as to the conditions of supervised release that the Court will impose, except as set forth below.

Defendant acknowledges that the Court's decision regarding the conditions of Supervised Release is final, non-appealable, and not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis to withdraw his guilty plea, withdraw from this Plea Agreement, or appeal his conviction, sentence, or term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard and special conditions of supervised release that are imposed in all child sex offender cases in this District, the Court impose the following conditions:

a.    Defendant shall not contact the minor victim in any manner, whether directly or indirectly, or through an intermediary. Defendant acknowledges that this condition is the equivalent of a state court keep-away order.

b.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

c.    Defendant shall report to the Probation Office any and all electronic communications service accounts, as defined in 18 U.S.C. § 2510(15) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. Defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation. The Probation Office is permitted to access and search any accounts using Defendant's credentials pursuant to this condition only when reasonable suspicion exists that Defendant has violated a condition of his supervision and that the accounts to be searched contain evidence of this violation.

12.   <u>Criminal Fine</u>

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

Plea Agreement - 12

1    Defendant acknowledges that the Court's decision regarding a fine is final, non-
2    appealable, and not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that is,
3    even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis
4    to withdraw his guilty plea, withdraw from this Plea Agreement, or appeal his
5    conviction, sentence, or fine.

6    13.    Mandatory Special Penalty Assessment

7    Defendant agrees to pay the $100 mandatory special penalty assessment to the
8    Clerk of Court for the Eastern District of Washington, at or before sentencing,
9    pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United
10   States before sentencing as proof of this payment.  Defendant agrees that pursuant to
11   the JVTA, an additional mandatory special assessment of $5,000 must be imposed
12   upon conviction, absent a judicial finding of indigence.

13   14.    Judicial Forfeiture

14   Defendant agrees to voluntarily forfeit and relinquish to the United States all
15   right, title and interest in all assets listed herein, and hereby agrees to execute any and
16   all forms and pleadings necessary to effectuate such forfeiture of any such assets,
17   including, but not limited to the following:

18   -    a T-Mobile Revvl cellular telephone, IMEI 354133101005149

19   Defendant stipulates that Defendant is the sole owner of any assets identified in
20   this Plea Agreement and that no one else has an interest in these assets.

21   Defendant acknowledges that any assets listed above that Defendant is agreeing
22   to forfeit are subject to forfeiture, pursuant to 18 U.S.C. § 2428, as property used or
23   intended to be used in any manner or part to commit or to facilitate the commission of
24   Online Enticement, in violation of 18 U.S.C. § 2422(b), the charge to which
25   Defendant is pleading guilty.

26
27
28

Plea Agreement - 13

Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States, and to testify truthfully in any forfeiture proceeding.

Defendant agrees to hold all law enforcement agents/officers, and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset covered by this Plea Agreement.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the assets.

Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

15. Restitution

The United States and Defendant agree that restitution is required. *See* 18 U.S.C. §§ 2259, 2259A, 3663, 3663A, 3664. Defendant acknowledges that restitution is mandatory, without regard to Defendant's economic situation, to any identifiable victims, in an amount that comports with Defendant's relative role in the causal process that underlies their general losses. *See Paroline v. United States*, 572 U.S. 464 (2014); 18 U.S.C. § 2259.

Pursuant to 18 U.S.C. § 3663(a)(3), in exchange for the United States dismissing counts and/or agreeing not to bring additional charges, Defendant

Plea Agreement - 14

voluntarily agrees to pay restitution to all victims of child pornography that Defendant produced, distributed, received, and/or possessed, as set forth in the discovery in this case, whether or not Defendant enters a plea of guilty to counts charging that specific conduct, and whether or not such counts are foregone pursuant to this Plea Agreement.

Defendant understands that for purposes of 18 U.S.C. § 2259, "victim" means the individual harmed as a result of a commission of the crime, including, in the case of a victim who is under 18 years of age, the legal guardian of the victim. The United States and the Defendant also hereby stipulate and agree that the Court shall order full restitution, as appropriate, to any entity, organization, insurance company, individual, and/or medical provider who provided medical services and/or funds related to the treatment of any victim.

Pursuant to 18 U.S.C. § 2259A(a)(3), Defendant agrees that his conviction of Online Enticement, where the underlying predicate is Production of Child Pornography, constitutes a "child pornography production" offense, such that the Court shall assess an amount of up to $50,000, in addition to any other criminal penalty, restitution, or special assessment authorized by law. Defendant agrees that these restitution and Special Assessment provisions apply with regard to the minor described in the Factual Basis of this Plea Agreement because Defendant knowingly caused that minor to take and distribute images of child pornography to Defendant.

The United States and Defendant have the following restitution agreements:

a.      <u>Restitution Amount and Interest</u>

The United States and Defendant stipulate and agree that, pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution in an amount that comports with the actual losses of any victim, of no less than $3,000, and that any interest on this restitution amount, if any, should be waived.

Plea Agreement - 15

b.   Payments

To the extent restitution is ordered, the United States and Defendant agree that the Court will set a restitution payment schedule based on Defendant's financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). Regardless, Defendant agrees to pay not less than 10% of Defendant's net monthly income towards Defendant's restitution obligations.

c.   Treasury Offset Program and Collection

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant understands that the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

Until a fine or restitution order is paid in full, Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Until such time as the fine or restitution order is paid in full, Defendant agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

d.   Notifications and Waivers

Defendant agrees to notify the Court and the United States of any material change in Defendant's economic circumstances (e.g., inheritances, monetary gifts,

Plea Agreement - 16

changed employment, or income increases) that might affect Defendant's ability to pay restitution. *See* 18 U.S.C. § 3664(k). Defendant agrees to notify the United States of any address change within 30 days of that change. *See* 18 U.S.C. § 3612(b)(1)(F). These obligations ceases when Defendant's restitution is paid-in-full.

Defendant acknowledges that the Court's decision regarding restitution is final, non-appealable, and not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that is, even if Defendant is unhappy with the amount of restitution ordered by the Court, that will not be a basis to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or restitution order.

16.   Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, he agrees to earn money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

17.   Additional Violations of Law Can Void Plea Agreement

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

18.   Waiver of Appeal Rights

In return for the concessions that the United States has made in this Plea Agreement, Defendant agrees to waive Defendant's right to appeal Defendant's conviction and sentence if the Court imposes a term of imprisonment consistent with the terms of this Rule 11(c)(1)(C) plea agreement, including the requirement that Defendant must register as a sex offender upon Defendant's release from custody.

Plea Agreement - 17

If the Court indicates its intent to impose a sentence above the Rule 11(c)(1)(C) terms of this Agreement and Defendant chooses *not* to withdraw, then Defendant may appeal only if the Court imposes a sentence higher than the top of the Guidelines range consistent with the calculations set forth herein, and may appeal only the substantive reasonableness of Defendant's sentence.

Defendant expressly waives Defendant's right to appeal any restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, this Plea Agreement shall become null and void and the United States may prosecute Defendant on all available charges.

Nothing in this Plea Agreement shall preclude the United States from opposing a post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including but not limited to, writ of habeas corpus proceedings brought under 28 U.S.C. § 2255.

19.    Sex Offender Registration

Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon release from prison as a condition of supervised release, pursuant to 18 U.S.C. § 3583(d).

Defendant also understands that independent of Defendant's term of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's lifetime.

Plea Agreement - 18

Defendant agrees that during the duration of Defendant's registration requirement, Defendant will keep Defendant's registration current with the state sex offender registration agency or agencies of any state in which Defendant lives or resides for more than 72 hours.

Defendant agrees that during the duration of Defendant's registration requirement, Defendant will notify and verify with the state sex offender registration agency or agencies of any state in which Defendant lives or resides for more than 72 hours, of changes to Defendant's name, place of residence, place of employment, education, or religious worship, and any other information required by such agency or agencies. Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such requirements. Defendant understands that under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement.

As a condition of Supervised Release, Defendant shall initially register with the state sex offender registration of the state of Defendant's release, and shall also register with the state sex offender agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer.

Defendant shall provide proof of registration to the Probation Officer within 72 hours of release.

20.    <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then the following provisions will apply:

      a.    This Plea Agreement shall become null and void;

      b.    The United States may prosecute Defendant on any count to which Defendant has pleaded guilty, as well as any other available charge;

Plea Agreement - 19

c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of an Information, or were not charged because of this Plea Agreement;

d.    The United States may file any new charges that would otherwise be barred by this Agreement;

e.    The United States may prosecute Defendant on all available charges involving or arising from the incidents charged in any charging instrument in this case;

f.    The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office;

g.    Defendant agrees to waive any objections, motions, and defenses Defendant might have to the United States' decision about how to proceed, including a claim that the United States has violated Double Jeopardy; and

h.    Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

21.    <u>Waiver of Attorney Fees and Costs</u>

Defendant agrees to waive all rights Defendant may have under the "Hyde Amendment," Section 617, P.L. 105- 119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Plea Agreement or any charges previously dismissed or not brought as a result of this Plea Agreement).

22.   <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.  This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, as set forth herein, and cannot bind other federal, state, or local authorities.  The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____          2/17/2022
David M. Herzog                             Date
Assistant United States Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney.  I understand and voluntarily enter into this Plea Agreement.  I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case.  No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement.  I agree to plead guilty because I am guilty.

_____          2-17-22
FAINYAN KAIN JAMES KIMMERLY                 Date
Defendant

Plea Agreement - 21

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties.  I concur in my client's decision to plead guilty as set forth in the Plea Agreement.  There is no legal reason why the Court should not accept Defendant's plea of guilty.

Colin Prince
Deputy Federal Defender

2/17/22
Date

Plea Agreement - 22