Vanessa R. Waldref
United States Attorney
Eastern District of Washington
David M. Herzog
Alison L. Gregoire
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 835-6347

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-CR-00013-TOR-1 |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| FAINYAN KAIN JAMES KIMMERLY, | |
| Defendant. | |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and David M. Herzog and Alison L. Gregoire, Assistant United States Attorneys for the Eastern District of Washington, submits the following sentencing memorandum:

### I.    STATEMENT OF FACTS

The following facts were stipulated to, pursuant to the plea agreement:

Beginning on June 30, 2019, and continuing through July 2, 2019, within the Eastern District of Washington, Defendant knowingly used the social media platform Facebook, and the Internet, to entice a person who had not attained the age of 18 years to engage in sexual activity for which Defendant could have been charged with a

U.S. Sent Memo - 1

criminal offense; namely, Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e).

In Facebook messenger exchanges with a minor who was 13 years old at the time, Defendant explicitly requested that the minor take sexually explicit images of the minor's own body and send those images to Defendant using Facebook messenger. The images that Defendant instructed the minor to take and send him depict the lewd and lascivious depiction of the minor's genitals, and thus constitute child pornography under federal law. Defendant used the Internet to entice the minor to record and produce images of child pornography.

In 2010, Defendant sustained a juvenile conviction in Spokane county for Child Molestation in the First Degree. At all times relevant to the Information Superseding Indictment, he was required to register as a sex offender under Washington law.

## II.    SENTENCING CALCULATIONS

The government agrees with the calculations set forth in the Presentence Investigation Report (hereinafter PSIR). Defendant's offense level is 42, Criminal History Category is V, and Guideline provision is therefore 360 months to life. The government has no objections to the PSIR.

## III.    SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

The circumstances of the offense involve Defendant's enticement a minor to engage in illicit sexual activity to include the production of child pornography. ECF No. 56 at ¶¶ 9-30. Defendant was willing to victimize a child who was deeply troubled. ECF No. 56 at ¶¶ 11-12 (noting the minor victim had been a runaway, was removed from her biological parents, had been a cutter). The victim asks when they

can hang out again and Defendant details the explicit photos he wants, promising to come and see the victim the following day *if* she complies.  ECF No. 56 at ¶¶ 13, 15. In victimizing a young child, just 13 years old, Defendant preys on the troubled young person's need for love and attention.

Defendant's crime is serious as are his history and characteristics, having committed a sex offense against a child previously.   ECF No. 56 at ¶ 57.

2.  <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

The government is asking the Court sentence Defendant to a 12-year term of imprisonment and a lifetime term of supervised release upon the completion of his term of incarceration.  Such a significant sentence is necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment.

While the government is certainly cognizant of Defendant's age (coming before the Court at 22 years old), his willingness to accept responsibility, and his having suffered significant abuse in his own childhood (ECF No. 56 at ¶¶ 75-82), those things cannot excuse his actions in this case.  Defendant has caused further damage to an already damaged child.  Damage Defendant, of all people, should have been able to empathize with rather than prey upon.  When discussing how Defendant would have known her age, the victim notes not only that she told him her age, but that she ran away and was staying at Crosswalk, which does not permit adults, only runaway minors.  ECF No. 56 at ¶ 28.  She indicates the Defendant knew that was where she was staying.  *Id.*  Indeed, the Defendant would know only minors could stay at Crosswalk, as he too had stayed at Crosswalk when he was a runaway minor.  ECF No. 56 at ¶ 86.

The government argues this offense is serious, and twelve years, is appropriate. The sentence will provide just punishment and promote respect for the law.

U.S. Sent Memo - 3

1

2

3.  <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

3

Defendant has a history that includes a sex offense. ECF No. 56 at ¶ 57.

4

Specifically, Defendant was convicted of First Degree Child Molestation, committed

5

when he was seventeen years old. *Id.* The victim, with whom Defendant had a trust

6

relationship, reported the sexual touching began when she was ten years old and

7

happened "a lot" of times. ECF No. 56 at ¶59. The victim reported Defendant would

8

touch her bare vagina and breasts and would force her to touch is penis. ECF No. 56

9

at ¶59.

10

Subsequent to Defendant's commitment for 40 weeks in that case, the victim's

11

friend came forward indicating she too had been inappropriately touched. ECF No. 56

12

at ¶ 66. Defendant denied that allegation, but admitted he showed both girls his penis.

13

ECF No. 56 at ¶ 69.

14

Defendant was convicted of First Degree Child Molestation in 2017. ECF No.

15

56 at ¶ 57. Thus, Defendant was put on notice as recently as 2017 that sex offenses

16

against minors are taken tremendously seriously, and he was called into court to

17

answer for his actions. That experience failed to deter him from committing the

18

sexual misconduct, against a minor, in the instant case approximately two years later.

19

Thus, the government believes twelve years is a sufficient term of imprisonment to

20

support deterrence.

21

The government also recommends a lifetime term of supervised release. The

22

government is concerned by the recidivism rate for sex offenders generally. *See* Dept.

23

of Justice, Bureau of Justice Statistics, P. Langan, E. Schmitt, & M. Durose,

24

*Recidivism of Sex Offenders Released in 1994*, p. 1 (Nov. 2003) (reporting that

25

compared to non-sex offenders, released sex offenders were four times more likely to

26

be rearrested for a sex crime, and that within the first three years following release

27

5.3% of released sex offenders were rearrested for a sex crime); *Smith v. Doe,* 538

28

U.S. Sent Memo - 4

U.S. 84, 104 (2003) ("The risk of recidivism posed by sex offenders is 'frightening and high.'") (quoting *McKune v. Lile*, 536 U.S. 24, 34 (2002)).  Additionally, the government is concerned for the recidivism of Defendant specifically, given that he has been undeterred by previous sanction.

The government is confident the recommended twelve year term of imprisonment followed by a lifetime of supervised release will accomplish adequate deterrence.

4.  <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

As has been detailed, Defendant's crime is very serious.  Additionally, Defendant has significant criminal history in that his prior conviction pertains to a sex offense against a minor as well.  ECF No. 56 at ¶ 57.  Defendant's sexual interest in minors makes him a real danger to the public.  The government is asking the Court to accept the plea agreement and the sentence proposed by the parties.

5.  <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

Defendant has not identified any needed educational or vocational training.

6.  <u>The kinds of sentences available.</u>

Defendant is subject to a sentence involving a term of imprisonment.  The offense to which Defendant pled guilty carries a mandatory minimum sentence of ten years imprisonment.

7.  <u>The kind of sentence contemplated by the Sentencing Guidelines.</u>

The Sentencing Guidelines contemplates a term of imprisonment.

8.  <u>Any pertinent policy statements issued by the Sentencing Commission.</u>

There are no pertinent policy statements in this case.

9. <u>The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct.</u>

The government certainly acknowledges the proposed sentence is well below Guideline.  The requested sentence has been mitigated by Defendant's acceptance of responsibility and young age, such that the parties are seeking a downward variance 12 years of imprisonment.  The government asserts the proposed sentence would not generate an unwarranted sentence disparity as compared to those with similar circumstances.

IV.

GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends the court impose a sentence to twelve years imprisonment as well as a lifetime term of supervised release.  The government will also seek any restitution sought by the minor aged victim though, to date, no request for restitution has been made.

Respectfully submitted this 3rd day of May 2022

Vanessa R. Waldref
United States Attorney

*s\ **Alison L. Gregoire***
Alison L. Gregoire
Assistant United States Attorney

*s\ **David M. Herzog***
David M. Herzog
Assistant United States Attorney

U.S. Sent Memo - 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:  Colin G. Prince, counsel for Defendant.

*s\ Alison L. Gregoire*
Alison L. Gregoire
Assistant United States Attorney
United States Attorney's Office
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

U.S. Sent Memo - 7